[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14373
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00744-RBD-MCR


ROGER D. HUGHES,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 28, 2015)

Before MARCUS, JULIE CARNES, and COX, Circuit Judges.

PER CURIAM:

Roger D. Hughes, a Florida prisoner serving a life sentence for first-degree murder, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The district court dismissed the petition with prejudice, without an evidentiary hearing, and denied a certificate of appealability. We granted a certificate of appealability as to one issue: whether the district court erred in denying Hughes's first claim for relief.[1] In Hughes's first claim for relief he alleges that, in his trial for murder, the court should not have admitted evidence of his confession. He bases this on what he alleges to be a violation of his Fifth Amendment *Miranda* rights by the police in obtaining his confession. *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966).

In denying Hughes's first claim for relief, the district court held that the state court decisions on this issue were entitled to deference under 28 U.S.C. § 2254(d) because they were not contrary to law, were not an unreasonable application of the law, and were not based on an unreasonable determination of the facts.

Because Hughes proceeds pro se, we construe his petition broadly. *Cf. Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 595–96 (1972). Construing his petition broadly, he presents two contentions supporting his claim that the police violated his *Miranda* rights. First, he contends that there is a factual

---

[1] We need not consider the Respondents' argument that Hughes failed to exhaust his claim in state court. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

dispute as to whether the police continued to question him and pressure him to confess after he asked for an attorney.  And, he argues that he is entitled to an evidentiary hearing to resolve this factual dispute.  Second, he contends that, even on the undisputed facts admitted by the Respondents, the police officers did nothing to locate his attorney after he requested one, but merely ceased questioning him.

Hughes filed a motion to suppress evidence of his confession in the state trial court.  The court denied the motion summarily, without discussion of the factual or legal issues.  The First District Court of Appeals affirmed Hughes's conviction without an opinion.  Under 28 U.S.C. § 2254, a state court's adjudication on the merits is entitled to deference unless (1) it was contrary to established Supreme Court law, or (2) it was based on an unreasonable determination of the facts in light of the evidence presented. *Blankenship v. Hall*, 542 F.3d 1253, 1271 (11th Cir. 2008).  We construe Hughes's first contention as alleging that the state trial and appellate courts' failure to suppress evidence of his confession was an unreasonable determination of the facts, and we construe Hughes's second contention as alleging that the state trial and appellate courts' failure to suppress evidence of his confession was contrary to established Supreme Court law (even on the undisputed facts).

Turning to Hughes's first contention, we hold that the state trial court's determination was not an unreasonable determination of the facts. In deciding whether to suppress evidence of Hughes's confession, the state trial court was presented with contradictory versions of what occurred immediately before his confession. According to the police officers, he asked for an attorney, the police immediately ceased questioning, and Hughes voluntarily reinitiated conversation approximately fifteen minutes later. According to Hughes, he asked for an attorney, and the police continued to question him and pressure him to confess. The state trial court summarily denied the motion without explicit factual findings.

The state trial court was, therefore, presented with two versions of the facts. One supported the requested relief, and the other did not. *See Edwards v. Arizona*, 451 U.S. 477, 484–85, 101 S. Ct. 1880, 1885 (1981) ("[A]n accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities . . . unless the accused himself initiates further communication . . . .").

As discussed, a state court's adjudication on the merits is entitled to deference. *Blankenship*, 542 F.3d at 1271. And, even summary adjudications qualify as adjudication on the merits. *Id.* Finally, "dispositive ruling[s] may contain implicit findings, which, though unstated, are necessary to that ruling." *Id.* at 1272 (quotations omitted). We conclude that the state trial court made the

4

implicit finding that the police officers' version of events was credible. And, we conclude that this factual finding was not an unreasonable determination of the facts based on the evidence presented and is entitled to deference. Hughes was not entitled to an evidentiary hearing.

Turning to Hughes's remaining contention, we hold that the state courts' determination was not contrary to established Supreme Court law. Hughes's basic argument is that *Miranda* and its progeny require more than simply ceasing questioning when an accused asks for an attorney. According to Hughes, the police were required to take affirmative steps to put Hughes in contact with his attorney. Hughes cites no Supreme Court case for this proposition, and we are aware of no Supreme Court case suggesting that this conduct constitutes a *Miranda* violation. Hughes has failed to show that the state courts' determination was contrary to established Supreme Court law. This determination is entitled to deference.

For the foregoing reasons, the judgment of the district court dismissing the petition is affirmed.

AFFIRMED.

5